JOAQUÍN A. MÁRQUEZ, peticionario, *v.* GILBERTO GIERBOLINI, SUPERINTENDENTE GENERAL DE ELECCIONES, demandado.

*Número:* O-72-283    *Resuelto:* 29 de septiembre de 1972 (1)

*Santos P. Amadeo,* abogado del peticionario.

### RESOLUCIÓN

Atendido el hecho de que sólo procede el *mandamus* para hacer cumplir un deber ministerial claramente dispuesto por ley, y habida cuenta de que en el presente caso primeramente hay que determinar la constitucionalidad de un estatuto de la Asamblea Legislativa de Puerto Rico, no ha lugar al auto

---

(1) Enmendada por una Resolución aprobada el 28 de noviembre de 1972.

solicitado. Considerada la petición de *mandamus* como una demanda de sentencia declaratoria, se da traslado de la misma al Tribunal Superior, Sala de San Juan, por no tener este Tribunal jurisdicción para conocer de ella en primera instancia.

Lo acordó el Tribunal y certifica el Secretario. El Juez Presidente Interino, Señor Pérez Pimentel y el Juez Asociado, Señor Martínez Muñoz disintieron por votos separados. El Juez Asociado Señor Rigau emitió un voto concurrente con el cual concurre el Juez Asociado, Señor Ramírez Bages. El Juez Asociado, Señor Dávila emitió un voto separado con el cual concurre el Juez Asociado, Señor Ramírez Bages. Los Jueces Asociados, Señores Hernández Matos y Martín, no intervinieron.

(Fdo.) José L. Carrasquillo

*Secretario*

—O—

Voto concurrente del Juez Asociado Señor Rigau con el cual concurre el Juez Asociado Señor Ramírez Bages.

San Juan, Puerto Rico, a 5 de octubre de 1972

El *mandamus* solicitado no procede. Como se sabe, en derecho sólo procede un *mandamus* contra un funcionario público cuando existe un deber ministerial ordenado por ley. Esto es, cuando la ley ordena al funcionario concernido cumplir un deber y no le deja discreción para decidir si lo cumple o no. En el caso de autos la ley no le da esa discreción al Superintendente General de Elecciones de Puerto Rico. Todo lo contrario; la ley *le prohibe* hacer lo que el peticionario pretende que haga. Por eso actuó correctamente el Superintendente General de Elecciones.

En uno de los votos disidentes se invoca la disposición de ley que dispone que este Tribunal no es uno meramente de casación sino uno de apelación y que podrá entender no sólo

en cuestiones de derecho sino también en cuestiones de hechos. Esa disposición—valiosísima como lo es por otras razones— no viene al caso pues la misma *no confiere* jurisdicción alguna; sólo dice cómo ejercerla cuando se tiene.

—O—

Voto separado del Juez Asociado Señor Dávila en el cual concurre el Juez Asociado Señor Ramírez Bages.

San Juan, Puerto Rico, a 5 de octubre de 1972

La importancia que pueda tener una cuestión para un litigante no concede jurisdicción a un tribunal para conocer de un pleito si la ley no la establece. Respetar la ley, tanto la que gobierna la conducta de los individuos como la que gobierna la función de un tribunal, es fundamental para la permanencia de un gobierno de ley.

La Ley del 12 de marzo de 1903—4 L.P.R.A. sec. 36(1) —no concede autoridad al Tribunal Supremo para conocer de un pleito sobre el cual no tiene jurisdicción. Esa disposición legislativa establece normas para fallar una controversia una vez el Tribunal Supremo ha adquirido jurisdicción de acuerdo con las leyes que gobiernan la función de este Tribunal.

---

(1) Dispone así:

"El Tribunal Supremo de Puerto Rico constituirá de aquí en adelante un tribunal de apelación y no un tribunal de casación. En sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, dicho Tribunal no se limitará solamente a infracciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o según se hiciera constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, el Tribunal puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho, y evitar injusticias y demoras."

—O—

Voto disidente del Juez Presidente Interino, Señor Pérez Pimentel

San Juan, Puerto Rico, a 5 de octubre de 1972

Voto porque se expida un auto alternativo de *mandamus*. Estimo que dentro del presente recurso el Tribunal está facultado para considerar la constitucionalidad de la Sec. 48a de la Ley Núm. 79 de 25 de junio de 1919, según enmendada, 16 L.P.R.A. § 173, como paso previo para decidir si se ordena o no lo solicitado por el peticionario.

Estando a pocos días de la celebración de las elecciones generales y tratándose aquí de la reclamación por un elector de su derecho a participar en el proceso eleccionario sirviendo en las Juntas de colegio electoral y encontrándose en la misma situación, según se alega, otros 20,000 ciudadanos, el Tribunal ha debido asumir jurisdicción en el asunto, máxime cuando en la actualidad no hay, *prima facie*, una base razonable para que la ley declare, como lo hace, incompatibles con los cargos de miembros de las juntas de colegio electoral y recusadores con cualesquiera otro cargo desempeñado o pagado con dinero del Gobierno Federal de los Estados Unidos, o de cualquiera de sus agencias en Puerto Rico, en la fecha en que se celebren las elecciones o pagado durante dos meses con anterioridad a las mismas.

—O—

Voto disidente del Juez Asociado Señor Martínez Muñoz

San Juan, Puerto Rico, a 29 de septiembre de 1972

Con los votos de cuatro compañeros jueces, el Tribunal considera que el recurso de *mandamus* debe ser tratado como uno de sentencia declaratoria y, así considerado, se declara sin jurisdicción.

Disiento. El recurso plantea la cuestión de si el derecho

constitucional del ciudadano en el ejercicio de la prerrogativa electoral—servir como miembro-recusador en un colegio electoral—puede legislativamente restringirse por el solo hecho de desempeñar aquél un cargo pagado por el Gobierno de los Estados Unidos. Art. 48(a) de la Ley Electoral, 16 L.P.R.A. sec. 173. El gran interés público de que este serio planteamiento sea resuelto ahora no debe ponerse en duda. Se trata no ya del derecho básico del ciudadano a disfrutar de la garantía y protección en el ejercicio de la prerrogativa electoral, sino también del derecho fundamental a la igual protección de las leyes, derecho que, de la propia faz de la sección de ley impugnada, parece igualmente habérsele negado al peticionario.

La Ley Electoral dispone (16 L.P.R.A. sec. 171) que los funcionarios de los colegios—inspectores, secretarios y recusadores—deberán ser nombrados con anterioridad a las doce del mediodía del día 1ro de octubre del año de elecciones. El problema planteado requiere una resolución pronta y definitiva. No es arriesgado afirmar que ello no se habrá de lograr en la forma que la mayoría ha despachado este asunto.

La autoridad de este Tribunal para conocer de recursos de *mandamus* en primera instancia no debe ponerse en duda. 32 L.P.R.A. sec. 3421. Y en el caso presente se dan los requisitos que hemos exigido en el pasado: (a) la solicitud va dirigida a un alto funcionario del gobierno como lo es el Superintendente General de Elecciones, (b) se levantan cuestiones de gran interés público, y (c) el problema requiere una solución pronta y definitiva. *Dávila* v. *Superintendente de Elecciones*, 82 D.P.R. 264 (1960).

Al juzgar la procedencia del recurso y los vicios procesales que pueda adolecer, no debe hacerse caso omiso de los hechos y de los méritos del caso y de la urgencia con que merece resolverse. Vale recordar la disposición de ley que dice:

"El Tribunal Supremo de Puerto Rico constituirá de aquí en adelante [1903] un tribunal de apelación y no un tribunal de

casación. En sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, dicho Tribunal no se limitará solamente a infracciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o según se hiciere constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, el Tribunal puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho, y evitar injusticias y demoras." 4 L.P.R.A. sec. 36.

He tomado como base la Constitución y la justicia como valores supremos a los cuales el procedimiento debe servir como un instrumento y no como una camisa de fuerza. Considero que la decisión del Tribunal está obligando al peticionario a seguir un procedimiento que por lo lento probablemente resultará ineficaz. No es de extrañarse que el peticionario se vea obligado a recurrir a los tribunales federales, quienes ante los serios planteamientos constitucionales y ante la ausencia de un procedimiento local eficaz, probablemente accederían a resolver esta importante cuestión de derecho puertorriqueño.

Por ello he votado para que se expida el auto de *mandamus*.